IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 5:01-736-CMC |
| v. | **OPINION and ORDER** |
| Brandon Shane Gravatt, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises a single claim relating to the alleged retroactive effect of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013). The Government filed a motion to dismiss or, in the alternative, for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the dismissal procedure and the consequences if he failed to respond to the Government's motion. On March 7, 2014, this court received material for filing from Defendant titled "Letter Rogatory – Notice of Acceptance, Without Prejudice, Non-Negotiable – In the Nature of Title 28 USC § 2255(f)(3) . . . ." ECF No. 554. On April 22, 2014, Defendant filed an "Affidavit and Notice of Dishonor and Breach of Fiduciary Duty by Special Appearance." ECF No. 557.

Defendant argues that his "conviction and sentence" were obtained in violation of his constitutional rights, and he is entitled to relief under § 2255(f)(3) based upon the Supreme Court's ruling in *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013). Mot. at 9, ECF No. 543. The Government responds, arguing that: *Alleyne* is not retroactively available; that even if *Alleyne* was retroactively available, it would not apply to Defendant's case; that Defendant's motion is untimely; and that equitable tolling should not apply. As noted above, on March 7, 2014, this court received material for filing from Defendant titled "Letter Rogatory – Notice of Acceptance, Without

Prejudice, Non-Negotiable – In the Nature of Title 28 USC § 2255(f)(3) . . . ." ECF No. 554. On April 22, 2014, Defendant filed an "Affidavit and Notice of Dishonor and Breach of Fiduciary Duty by Special Appearance." ECF No. 557.

The court has reviewed the complete record in this case and agrees with the Government that it is entitled to summary judgment.

Count One of the Indictment, to which Defendant pleaded guilty, included specific amounts of drugs (*i.e.*, 50 grams or more of "crack" cocaine and 5 kilograms or more of cocaine) and Defendant admitted his involvement with these threshold amounts under oath at the Rule 11 hearing. Therefore, Defendant, by his own admissions, exposed himself to the 10-year statutory mandatory minimum sentence of incarceration which was applicable at the time of Defendant's conviction.[1] Accordingly, even if *Alleyne* was retroactively applicable to cases on collateral review and the court reached the substance of Defendant's argument (whether it be via an application of equitable tolling or if the § 2255 motion was somehow timely filed), *Alleyne* would have no impact on Defendant's conviction or sentence.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss or, in the alternative, for Summary Judgment, is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

---

[1] At most, Defendant might now try to argue he is entitled to relief under *Dorsey v. United States*, 567 U.S. __, 132 S. Ct. 2321 (2012). In *Dorsey*, the Supreme Court held that the Fair Sentencing Act (FSA), which raised the amount of "crack" cocaine necessary to trigger statutory mandatory minimum sentences, applied to individuals whose crimes preceded the FSA but who were sentenced after the FSA's enactment. However, the Fourth Circuit has held that *Dorsey* is not retroactively available to individuals like Defendant whose convictions became final before the enactment of the FSA. *See United States v. Allen*, 716 F.3d 98 (4th Cir. 2013).

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 24, 2014