IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Brandon Shane Gravatt,<br>　　　　　　　Defendant. | Criminal No. 5:01-736-01-CMC<br><br>**OPINION AND ORDER** |

This case comes before the court on Defendant's *pro se* Motion for Relief Under First Step Act of 2018. ECF No. 607. The Government filed a Response in Opposition (ECF No. 611), and Defendant filed a pro se Reply (ECF No. 612). The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 608.

The court has reviewed the above filings as well as Defendant's Plea Agreement (ECF No. 282), Transcript of Rule 11 hearing (ECF NO. 613), and PreSentence Report ("PSR") (ECF No. 608-1), and concludes that Defendant is not eligible for relief under the First Step Act.[1]

Defendant entered into a Plea Agreement to plead to Count 1 of the Indictment:

The Defendant . . . agrees to plead guilty to Count 1 of the Indictment now pending, Fed. R. Crim. P. 11(a), which charges conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base and 5 kilograms or more of cocaine, a violation of Title 21, United States Code, Section 846. The elements of this offense are:

a) The conspiracy described in the indictment was willfully formed and was existing on or about the alleged time;
b) The accused willfully became a member of the conspiracy; and
c) The amount of drugs involved in the conspiracy was 50 grams or more of cocaine base, commonly known as "crack cocaine", and 5 kilograms or more of cocaine.

---

[1] The court also received and has reviewed a letter from Defendant's wife.

ECF No. 282 at 1.

At the Rule 11 hearing, the court advised Defendant:

Now, in order for the government to prove that they would have to prove several things: First of all they would have to prove that this conspiracy or agreement that is alleged in the indictment was willfully formed and was existing at or about the times that the indictment alleges. Secondly, that at some point in time, during the existence of that conspiracy, you willfully became of member of that conspiracy. And the third thing that they would have to be able to prove is that the amount of drugs that were involved in the conspiracy and that were reasonably foreseeable to you were at least 50 grams or more of crack cocaine and five kilos or more of cocaine. Do you understand that that is what the government would have to prove? The Defendant: Yes, ma'am.

ECF No. 613 at 12-13.

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining Defendant

joined the conspiracy with Terrance Daniels and others named in the indictment in the summer of 2000. . . . [Members of the conspiracy] were introduced to Mr. Gravatt, started purchasing cocaine from him. They made several trips. Other members of the conspiracy . . . made trips also to get cocaine from Mr. Gravatt. The end of December 2000 Mr. Gravatt and his associates travelled out to South Carolina, to Orangeburg, and stayed the week in Orangeburg where they brought cocaine for sale that was distributed in Orangeburg. Then they continued – Mr. Daniels continued to go out there with his associates and purchase cocaine from Mr. Gravatt for the summer of 2001.
…
The conspiracy, in and of itself, did – was more than five kilograms of cocaine. They were bringing the cocaine back here to South Carolina and cooked it into crack cocaine.

*Id.* at 13:19-14:11; 15:1-5.

> Thereafter the court inquired of Defendant as follows:
>
> The court: All right. Let me ask you this, Mr. Gravatt, during the course of this conspiracy did you sell or supply more than five kilos of cocaine to this organization?
> The Defendant: Yes, ma'am.
> The court: And were you aware that they were converting this cocaine into crack and selling it in South Carolina?
> The Defendant: Yes, ma'am.
> The court: All right. And is there any doubt in your mind that it involved at least 50 grams of crack?
> The Defendant: No, ma'am.
> The court: All right. Then how do you wish to plead to Count 1 of the Indictment, not guilty or guilty?
> The Defendant: Guilty.

*Id.* at 15:21-16:10.

The PSR described Defendant as a "large scale cocaine supplier and broker," based in Houston, Texas but selling cocaine into South Carolina and Florida. ECF No. 608-1 at ¶¶ 13, 24, 25. The PSR notes Defendant

> is held accountable for distributing in excess of 150 kilograms of cocaine and in excess of 1.5 kilograms of cocaine base. Most of the cocaine the defendant sold was in the form of powder cocaine. However, the defendant was well aware the powder was being cooked into crack and sold to individuals by street level dealers.

*Id.* at ¶ 24.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute five kilograms or more of cocaine <u>and</u> 50 grams or more of cocaine base. He admitted he sold or supplied at least five kilograms of cocaine and he had no doubt it was being converted to cocaine base to sell as a part of the conspiracy. His statutory penalty was not therefore controlled only by his guilty plea to conspiracy involving 50

3

grams or more of cocaine base. Because he also admitted guilt to conspiracy to distribute 5 kilograms grams or more of cocaine, his statutory penalty range was 10 years to Life, independent of the penalty on the cocaine base offense.

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons convicted of cocaine base offenses, but whose statutory ranges were not affected, are not eligible for relief. That is what happened here. Defendant's cocaine base conviction had no effect on his statutory range because he faced the same range on his conviction for cocaine.

The First Step Act amended penalties for cocaine base, but not cocaine. Because Defendant also admitted guilt to a cocaine offense carrying the same penalty, he is not eligible for relief. For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 607) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 5, 2019